12-4                                                                    BIA
Chen v. Holder                                                  A099 928 261

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of August, two thousand twelve.

PRESENT:
            JOSEPH M. MCLAUGHLIN,
            DEBRA ANN LIVINGSTON,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*
_____

WEN QING CHEN,
        *Petitioner,*

        v.                                          12-4
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Yee Ling Poon, Robert Duk-Hwan Kim,
                       New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Anthony C. Payne,
                       Senior Litigation Counsel; Margaret
                       Kuehne Taylor, Trial Attorney,
                       Office of Immigration Litigation,
                       Civil Division, United States
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen Qing Chen, a native and citizen of the People's Republic of China, seeks review of a December 6, 2011, decision of the BIA denying her motion to reopen. *In re Wen Qing Chen*, No. A099 928 261 (B.I.A. Dec. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). It is well established that the BIA may deny an alien's motion to reopen for failure to demonstrate her *prima facie* eligibility for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988). To establish eligibility for asylum, an applicant, like Chen, who does not rely on past persecution must demonstrate an objectively reasonable well-founded fear of future persecution. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 564 (2d Cir. 2006); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); 8 U.S.C. § 1101(a)(42). An asylum applicant can demonstrate that a fear of future persecution is

2

objectively reasonable by either: (1) offering evidence that "she would be singled out individually for persecution"; or (2) "proving the existence of a pattern or practice in [] her country of nationality of persecution of a group of persons similarly situated to the applicant." 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2).

Chen argues that she established a well-founded fear of future persecution based on her assertion that she would practice in an unregistered church in China and letters from individuals in her native village and background evidence indicating that members of unregistered churches are persecuted in China. However, the BIA reasonably declined to consider her evidence to the extent that it pertained to individuals who were not similarly situated to her -- including members of underground churches that were not located in her native Fujian Province, pastors, human rights and pro-democracy activists, lawyers, and artists. *See* 8 C.F.R. § 1003.2(c)(1) (requiring that a motion to reopen be based on new evidence *material* to the movant's eligibility for asylum); 8 C.F.R. §§ 1208.13(b)(2), 1208.16(b)(2) (providing that, to establish an objective basis for a fear of future persecution, evidence of a pattern or practice of

3

persecution must involve a group of persons "similarly situated to the applicant"). To the extent that Chen's evidence indicated that members of underground churches in Fujian Province were sometimes subject to beatings, arrest, and detention, the BIA reasonably found that, absent more detailed evidence, such treatment does not rise to the level of persecution. *See Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011); *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006).

Accordingly, the BIA did not abuse its discretion when it denied Chen's motion based on her failure to demonstrate her *prima facie* eligibility for relief. *See Jian Hui Shao*, 546 F.3d at 168.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4